E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BILLY JOE MCLAIN (Cal. Bar No. 290682)
Assistant United States Attorney
Public Corruption and Civil Rights Section
BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
Chief, Corporate & Securities Fraud Strike Force
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6702
    E-mail: billy.mclain@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>JORGE ARMANDO CONTRERAS,<br><br>      Defendant. | No. SA CR 23-00154-FWS<br><br>PLEA AGREEMENT FOR DEFENDANT JORGE ARMANDO CONTRERAS |

    1.   This constitutes the plea agreement between defendant JORGE ARMANDO CONTRERAS ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

    2.   Defendant agrees to:

        a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the

indictment in <u>United States v. Jorge Armando Contreras</u>, SA CR No. 23-154-FWS, which charges defendant with embezzlement, theft, and intentional misapplication of funds from an organization receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h. Authorize the USAO to obtain a credit report immediately upon entry of the guilty pleas.

i. Consent to the USAO inspecting and copying all of defendant's financial documents and information held by the United States Probation & Pretrial Services Office.

j. Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of the guilty plea, deliver the signed and dated statement, along with all of the documents requested therein that are available to defendant,

to the USAO by either email at usacac.FinLit@usdoj.gov or mail to the USAO Financial Litigation Section at 300 N. Los Angeles St., Suite 7516, Los Angeles, CA 90012.

3. Defendant further agrees:

a. To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to the property listed in Attachment A (collectively, the "Forfeitable Property").

b. To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the property.

c. That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

d. To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

e. Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property. If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the

3

forfeiture of the Forfeitable Property.  Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A).

f.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

g.   Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

h.   To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

i.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

j.   That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

k.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by

the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

l.     The parties further agree that, pursuant to the Asset Forfeiture Policy Manual (2021), Chapter 14, Sec. II.B.2 and 28 C.F.R. Part 9.8, upon a determination by the government that it can make the required representations set forth therein, and if requested by defendant, the government will submit a restoration request to the Money Laundering and Asset Recovery Section of the Department of Justice, seeking approval for any assets forfeited to be restored to the victims in this case, which may, in turn, satisfy in full or part any restitution order. Defendant has acknowledged that the Attorney General, or his designee, has the sole discretion to approve or deny the restoration request.

THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSE

5.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, embezzlement, theft, and

5

intentional misapplication of funds from an organization receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(A), the following must be true:

(1) At the time alleged in the indictment, defendant was an agent of an organization, or of a state or local government, or agency;

(2) In a one-year period the organization, state or local government, or agency received over $10,000 from a federal program involving a grant, contract, subsidy, loan guarantee, insurance, or other form of federal assistance;

(3) The defendant embezzled, stole, or fraudulently obtained property;

(4) That property was owned by, or under the care, custody, or control of, the organization, state or local government, or agency; and

(5) The value of the property the defendant embezzled, stole, or fraudulently obtained was at least $5,000.

<u>PENALTIES AND RESTITUTION</u>

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 666(a)(1)(A), is: 10 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the

Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim for any losses suffered by that victim as a result any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty.  The parties currently believe that the applicable amount of restitution is approximately $15,920,042, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

8.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences,

including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

11.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

The Magnolia School District (the "School District") was a publicly funded organization that includes numerous schools in the cities of Anaheim and Stanton, California.  The School District

received benefits in excess of $10,000 under a Federal program in each calendar year from 2009 to 2023.

In or around July 2006, defendant became an employee and agent of the School District.  In or around March 2013, defendant became the Director of Fiscal Services for the School District, and in or around April 2017, defendant became the Senior Director of Fiscal Services.  In his role as Director and then Senior Director of Fiscal Services for the School District, defendant managed and had access to various School District bank accounts, such as the School District's revolving cash funds account with Bank of the West ending in 4043 (the "MSD Cash Funds Account") and the student body account, also with Bank of the West, ending in 3714 ("MSD Student Body Account").  Defendant caused checks from the MSD Cash Funds Account and the MSD Student Body Account to be deposited into his Wells Fargo bank account.  Defendant would write checks in small dollar amounts written to "M  S  D," with the letters spaced out, and after receiving the proper signatures from others, would include fictitious names and increase the amounts of the checks and deposit the checks into his Wells Fargo bank account via ATMs.  To conceal his fraud, defendant provided bank reconciliation packets to others at the School District with falsified bank statements and records.

Beginning on an unknown date and continuing until in or around July 2023, in Orange County, within the Central District of California, and elsewhere, defendant CONTRERAS, an agent of the School District, knowingly and willfully embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of another person other than the rightful owner and intentionally misapplied property valued at $5,000 or more, which was in the care,

9

custody, and control of the School District, namely, approximately $15,920,042.

SENTENCING FACTORS

12.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Loss more than $9,500,000, but less than $25,000,000 | +20 | U.S.S.G. § 2B1.1(b)(1)(K) |
| Abuse of a position of trust: | +2 | U.S.S.G. § 3B1.3 |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

14.   The government agrees that if defendant complies with his obligations in paragraphs 2 and 3, including his agreement not to contest the forfeiture of assets, and based also on his early

acceptance of responsibility, the government will agree to an additional one-level downward <u>Booker</u> variance.

15.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.   Defendant understands that by pleading guilty, defendant gives up the following rights:

       a.   The right to persist in a plea of not guilty.

       b.   The right to a speedy and public trial by jury.

       c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

       d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

       e.   The right to confront and cross-examine witnesses against defendant.

       f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

11

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

18.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

19.   Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 26 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than

$15,920,042; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 22 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $15,920,042.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

21. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

22. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

1

<u>BREACH OF AGREEMENT</u>

2      23.   Defendant agrees that if defendant, at any time after the

3  signature of this agreement and execution of all required

4  certifications by defendant, defendant's counsel, and an Assistant

5  United States Attorney, knowingly violates or fails to perform any of

6  defendant's obligations under this agreement ("a breach"), the USAO

7  may declare this agreement breached.  All of defendant's obligations

8  are material, a single breach of this agreement is sufficient for the

9  USAO to declare a breach, and defendant shall not be deemed to have

10 cured a breach without the express agreement of the USAO in writing.

11 If the USAO declares this agreement breached, and the Court finds

12 such a breach to have occurred, then: (a) if defendant has previously

13 entered a guilty plea pursuant to this agreement, defendant will not

14 be able to withdraw the guilty plea; and (b) the USAO will be

15 relieved of all its obligations under this agreement.

16      <u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

17              <u>OFFICE NOT PARTIES</u>

18     24.   Defendant understands that the Court and the United States

19 Probation and Pretrial Services Office are not parties to this

20 agreement and need not accept any of the USAO's sentencing

21 recommendations or the parties' agreements to facts or sentencing

22 factors.

23     25.   Defendant understands that both defendant and the USAO are

24 free to: (a) supplement the facts by supplying relevant information

25 to the United States Probation and Pretrial Services Office and the

26 Court; (b) correct any and all factual misstatements relating to the

27 Court's Sentencing Guidelines calculations and determination of

28 sentence; and (c) argue on appeal and collateral review that the

14

Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.  Although this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

27.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

1
<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2      28.  The parties agree that this agreement will be considered

3  part of the record of defendant's guilty plea hearing as if the

4  entire agreement had been read into the record of the proceeding.

5  AGREED AND ACCEPTED

6  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
7  CALIFORNIA

8  E. MARTIN ESTRADA
   United States Attorney

9

10 _____        3/7/24
   BILLY JOE MCLAIN                        Date
11 BRETT A. SAGEL
   Assistant United States Attorneys
12

13

14 _____        _____
   JORGE ARMANDO CONTRERAS                 Date
15 Defendant

16

17

18 _____        _____
   RONALD D. HEDDING                       Date
19 Attorney for Defendant JORGE
   ARMANDO CONTRERAS

20

21

22           <u>CERTIFICATION OF DEFENDANT</u>

23      I have read this agreement in its entirety.  I have had enough

24 time to review and consider this agreement, and I have carefully and

25 thoroughly discussed every part of it with my attorney.  I understand

26 the terms of this agreement, and I voluntarily agree to those terms.

27 I have discussed the evidence with my attorney, and my attorney has

28 advised me of my rights, of possible pretrial motions that might be

                              16

filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          _____
JORGE ARMANDO CONTRERAS                     Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JORGE ARMANDO CONTRERAS's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

forth in this agreement is sufficient to support my client's entry of
a guilty plea pursuant to this agreement.

_____        _____
RONALD D. HEDDING                       Date
Attorney for Defendant JORGE
ARMANDO CONTRERAS

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28.    The parties agree that this agreement will be considered
part of the record of defendant's guilty plea hearing as if the
entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

| | |
|---|---|
| BILLY JOE McLAIN<br>BRETT A. SAGEL<br>Assistant United States Attorneys | Date |
| *signature* | 3/6/2024 |
| JORGE ARMANDO CONTRERAS<br>Defendant | Date |
| *signature* | 3/6/24 |
| RONALD D. HEDDING<br>Attorney for Defendant JORGE<br>ARMANDO CONTRERAS | Date |

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough
time to review and consider this agreement, and I have carefully and
thoroughly discussed every part of it with my attorney.  I understand
the terms of this agreement, and I voluntarily agree to those terms.
I have discussed the evidence with my attorney, and my attorney has
advised me of my rights, of possible pretrial motions that might be

16

1   filed, of possible defenses that might be asserted either prior to or
2   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
3   of relevant Sentencing Guidelines provisions, and of the consequences
4   of entering into this agreement.  No promises, inducements, or
5   representations of any kind have been made to me other than those
6   contained in this agreement.  No one has threatened or forced me in
7   any way to enter into this agreement.  I am satisfied with the
8   representation of my attorney in this matter, and I am pleading
9   guilty because I am guilty of the charge and wish to take advantage
10  of the promises set forth in this agreement, and not for any other
11  reason.

13  _____       3/6/2024
14  JORGE ARMANDO CONTRERAS               Date
15  Defendant

16              CERTIFICATION OF DEFENDANT'S ATTORNEY

17       I am JORGE ARMANDO CONTRERAS's attorney.  I have carefully and
18  thoroughly discussed every part of this agreement with my client.
19  Further, I have fully advised my client of his rights, of possible
20  pretrial motions that might be filed, of possible defenses that might
21  be asserted either prior to or at trial, of the sentencing factors
22  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
23  provisions, and of the consequences of entering into this agreement.
24  To my knowledge: no promises, inducements, or representations of any
25  kind have been made to my client other than those contained in this
26  agreement; no one has threatened or forced my client in any way to
27  enter into this agreement; my client's decision to enter into this
28  agreement is an informed and voluntary one; and the factual basis set

                              17

forth in this agreement is sufficient to support my client's entry of
a guilty plea pursuant to this agreement.

_____        3/6/24
RONALD D. HEDDING                       _____
Attorney for Defendant JORGE            Date
ARMANDO CONTRERAS

18

**Attachment A**
**U.S. Currency, Funds, 2019 BMW, Real Property, and Luxury Items Seized**

1. $255,106.10 U.S. Currency seized on October 19, 2023
   (IRS Case no. 1000323272; Seizure no. 95240003) (24-IRS-000139).

2. $519,082.11 on deposit in Bank of America, N.A. account number
   325181058232 held by Jorge Contreras and Felipe de Jesus Contreras seized on
   October 19, 2023
   (IRS Case no. 1000323272; Seizure no. 95240004) (24-IRS-000141).

3. $553,702.00 on deposit in Wells Fargo Clearing Services LLC, brokerage
   account number 32157757 held by Jorge Contreras seized on November 8, 2023
   (IRS Case no. 1000323272; Seizure no. 95240007) (24-IRS-000143).

4. Cashier's Check #2655689 in the amount of $3,884,072.42 from Wells Fargo
   Bank, N.A., previously held by Jorge Contreras seized on October 19, 2023
   (IRS Case no. 1000323272; Seizure no. 95240006) (24-IRS-000142).

5. Cashier's Check in the amount of $9,460.97 seized on October 19, 2023
   (IRS Case no. 1000323272; Seizure no. 95240003) (24-IRS-000140).

6. $73,574.83 on deposit in J.P. Morgan Chase account number 0527290160 held
   by Jorge Contreras (IRS Case no. 1000323272).

7. $69,704.34 on deposit in J.P. Morgan Chase account number 03996032133 by
   Jorge Contreras (IRS Case no. 1000323272).

8. Real Property at 17409 Harlan Drive, Yorba Linda, California 92886.  *Lis
   Pendens* filed November 14, 2023
   (IRS Case no. 1000323272; Seizure no. 95240009) (24-IRS-000144).

9. One 2021 BMW X5 VIN 5YMJU0C04M9F03787 seized on October 19, 2023
   (IRS Case no. 1000323272; Seizure no. 95240001) (24-IRS-000133).

//
//
//

(cont'd)

10. Fifty-seven Designer Bags seized on October 19, 2023 (IRS Case no. 1000323272; Seizure no. 95240002) (24-IRS-000134).

    i. One Louis Vuitton 16 Cotteville watch case.

    ii. One Louis Vuitton X Nigo brown handbag.

    iii. One Louis Vuitton brown hard case trunk.

    iv. One Louis Vuitton Sac Plat Eclipse purse.

    v. One Louis Vuitton Soft Trunk Monogram MCA Orange.

    vi. One Louis Vuitton silver soft trunk bag.

    vii. One Louis Vuitton brown "street" style bag w/chain strap.

    viii. One Louis Vuitton black wallet trunk.

    ix. One Louis Vuitton comics purse.

    x. One Louis Vuitton brown hard case shoulder bag.

    xi. One Louis Vuitton tie-dye mini soft shoulder bag.

    xii. One Louis Vuitton silver glitter checkered mini bag.

    xiii. One Louis Vuitton black soft trunk shoulder bag.

    xiv. One Louis Vuitton blue "Hobo" purse.

    xv. One Louis Vuitton black aerogram large purse.

    xvi. One Fendi x Versace black purse with gold lettering.

    xvii. One Louis Vuitton blue/silver Petite Valise hardcase bag.

    xviii. One Louis Vuitton clutch "wave" brown hardcase bag.

    xix. One Louis Vuitton silver "crush" mini handbag.

    xx. One Louis Vuitton black "monogram" soft purse.

    xxi. One Louis Vuitton large black Cabas Voyage purse.

    xxii. One Louis Vuitton black hardcase clutch.

    xxiii. One Louis Vuitton Grand Sac black purse.

    xxiv. One Louis Vuitton orange mini soft TR.AUT purse.

    xxv. One Louis Vuitton M10258 vertical clutch box.

    xxvi. One Louis Vuitton M23144 multicolored soft trunk.

    xxvii. One Louis Vuitton large blue/green Keepall Tote M59688.

    xxviii. One Louis Vuitton white large Sac Plat Purse M21841.

    xxix. One Louis Vuitton brown wallet trunk clutch.

    xxx. One Louis Vuitton Purple/white paint can bag (no shoulder strap).

    xxxi. One Versace black La Medusa clutch (no shoulder strap).

    xxxii. One Prada black Saffiano purse with black/white shoulder strap.

    xxxiii. One Louis Vuitton white soft trunk alligator bag.

    xxxiv. One Louis Vuitton brown hard trunk clutch Macassar.

    xxxv. One Louis Vuitton black w/red polka dots purse.

    xxxvi. One Louis Vuitton black small soft handbag w/ logos.

(cont'd)

xxxvii.   One Louis Vuitton blue striped City Keepall handbag.

xxxviii.   One Louis Vuitton black messenger bag.

xxxix.   One Louis Vuitton green/white paint can bag.

xl.   One Louis Vuitton brown/black hardcase clutch.

xli.   One Louis Vuitton M10247 hardcase clutch.

xlii.   One Louis Vuitton large red keepall bag.

xliii.   One Louis Vuitton Paris large white bag with red/yellow/blue writing.

xliv.   One Louis Vuitton large black bag with patches.

xlv.   One Louis Vuitton Paris blue large bag.

xlvi.   One Louis Vuitton white w/blue checkers keepall

xlvii.   One Louis Vuitton large brown/dark brown bag

xlviii.   One Louis Vuitton green crocodile skin clutch

xlix.   One Louis Vuitton yellow/blue clutch.

l.   One Louis Vuitton white "comics" clutch M82008.

li.   One Louis Vuitton Pochette black bag.

lii.   One Louis Vuitton gray "Hobo Cruiser" bag.

liii.   One Louis Vuitton black backpack.

liv.   One Louis Vuitton large black steamer tote M58710.

lv.   One Louis Vuitton silver hardcase petite Valise M10090.

lvi.   One Versace black crossbody handbag.

lvii.   One Verace silver laminated crossbody bag.

11.   Eighteen Various Pieces of Jewelry seized on October 19, 2023
       (IRS Case no. 1000323272; Seizure no. 95240002) (24-IRS-000135).

i.   One David Yurman silver color necklace with rainbow stones.

ii.   One David Yurman rose gold bracelet with diamonds.

iii.   One David Yurman silver bracelet with rainbow stones.

iv.   One Versace watch with gold emblem & black band.

v.   One Louis Vuitton watch w/ black band.

vi.   One David Yurman rainbow bead bracelet (sterling silver).

vii.   One Louis Vuitton smart watch.

viii.   One Louis Vuitton large pendant necklace "YL."

ix.   One Cartier gold nail bracelet.

x.   One David Yurman rose gold Streamline Amulet.

xi.   One David Yurman silver necklace with rainbow stones.

xii.   One David Yurman silver bracelet with rainbow stones.

xiii.   One David Yurman rose gold wedding band w/ diamonds.

xiv.   One David Yurman rose gold wedding band w/ diamonds.

(cont'd)
    xv.  One David Yurman rose gold ring with diamonds.
   xvi.  One Cartier gold bracelet.
  xvii.  One Cartier pink gold love ring.
 xviii.  One Versace gold necklace with pendant.

12. Eleven Designer Shoes and Accessories seized on October 19, 2023 (IRS Case no. 1000323272; Seizure no. 95240002) (24-IRS-000136).
     i.  One Louis Vuitton blue skate sneakers.
    ii.  One Versace silver studded sneakers.
   iii.  One Versace black leather gloves.
   iv.  One Versace black leather gloves.
    v.  One Versace crystal butterflies water bottle.
   vi.  One Versace black leather belt.
  vii.  One Versace reversible belt H40 calf leather.
 viii.  One Versace reversible belt H40 black crocodile style.
  ix.  One Versace reversible belt H40 black studded.
    x.  One Versace black booties – fabric.
   xi.  One Versace black booties – fabric.

13. Eleven Pieces of Designer Clothing seized on October 19, 2023 (IRS Case no. 1000323272; Seizure no. 95240002) (24-IRS-000137).
     i.  One Versace black studded jacket.
    ii.  One Versace Baroccodile silk shirt.
   iii.  One Versace Chenille vest.
   iv.  One Versace black informal shirt crepe fabric.
    v.  One Black Versace knit sweater w/ buckles.
   vi.  One Black Versace knit sweater w/ buckles.
  vii.  One Versace black suit jacket.
 viii.  One Versace black suit pants.
  ix.  One Versace black Jacquard Viscose fabric shirt.
    x.  One Versace Hollywood informal twill silk shirt.
   xi.  One Versace Hollywood informal twill silk shirt.

14. Eight Bottles of Clase Azul Ultra tequila seized on October 19, 2023 (IRS Case no. 1000323272; Seizure no. 95240002) (24-IRS-000138).